UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK


Cameron Roebuck,

Plaintiff,


-v.-


New York City Police Department,

John Doe #1, NYPD Officer,

John Doe #2, NYPD Officer,

John Doe #3, NYPD Officer,

John Doe #4, NYPD Officer,

John Doe #5, NYPD Officer,

John Doe #6, NYPD Supervisor,

Defendants.

Case No.: _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Cameron Roebuck, respectfully alleges as follows:

### I. JURISDICTION AND VENUE

This is a civil action arising under 42 U.S.C. § 1983 for the violation of Plaintiff's rights under the United States Constitution.

Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in the Southern District of New York.

### II. PARTIES

Plaintiff, Cameron Roebuck, resides at 3600 Jerome Ave, Bronx, NY 10467.

Defendant, New York City Police Department (NYPD), is a law enforcement agency operated by the City of New York and is responsible for the actions of its officers.

Defendant John Doe #1 is an NYPD officer who used excessive force against Plaintiff on or about the afternoon of June 12, 2025. His full name and badge number are currently unknown.

Defendant John Doe #2 is an NYPD officer who participated in or failed to prevent the use of excessive force.

Defendant John Doe #3 is an NYPD officer who helped restrain Plaintiff while others used unlawful force.

Defendant John Doe #4 is an NYPD officer who punched Plaintiff while he was handcuffed and restrained.

Defendant John Doe #5 is an NYPD officer who also punched Plaintiff during the incident and failed to intervene.

Defendant John Doe #6 is an NYPD supervisor who was on duty and had supervisory responsibility over the other officers during the events in question. He permitted and/or failed to stop the misconduct.

### III. STATEMENT OF FACTS

On the afternoon of June 12, 2025, Plaintiff Cameron Roebuck was assaulted by members of the NYPD inside Central Booking in Manhattan, New York.

Plaintiff was unarmed, non-threatening, and not resisting at the time of the encounter.

At least three officers physically restrained Plaintiff while two other officers punched him repeatedly — all while Plaintiff was handcuffed.

Despite Plaintiff being fully restrained and compliant, the officers continued using unnecessary and excessive physical force.

After the assault, the handcuffs were left on Plaintiff for an extended period even though he was injured and in visible distress, until he was eventually taken for medical care.

The supervising officer on shift (John Doe #6) was present, observed the conduct, and allowed it to continue without intervention.

Plaintiff sustained physical injuries and emotional trauma. He received medical attention and has records documenting the harm caused (See Exhibit A).

Plaintiff issued a formal notice to preserve all related evidence concerning the incident (See Exhibit B).

Plaintiff filed an internal complaint with the NYPD Internal Affairs Bureau, which is currently pending under Case No. 2025-18540, and assigned to Sergeant Mepelus (See Exhibit C).

The NYPD has a longstanding policy, custom, and practice of failing to supervise and discipline officers who engage in excessive force, contributing to a pattern of constitutional violations.

## IV. CLAIMS FOR RELIEF

COUNT ONE – Excessive Force (42 U.S.C. § 1983)

The actions of Defendants John Does #1–6 violated Plaintiff's Fourth and Fourteenth Amendment rights by subjecting him to excessive and unreasonable force under color of state law.

COUNT TWO – Failure to Intervene (42 U.S.C. § 1983)

Defendants had a reasonable opportunity to prevent the violation of Plaintiff's constitutional rights but failed to act.

COUNT THREE – Monell Claim Against the City of New York / NYPD

The NYPD, through policies, practices, and customs, failed to train, supervise, and discipline its officers with respect to the use of force, thereby causing the constitutional violations described above.

## V. RELIEF REQUESTED

A. Compensatory damages in an amount to be determined at trial;

B. Punitive damages against the individual defendants;

C. A declaratory judgment stating that Plaintiff's rights were violated;

D. Injunctive relief directing NYPD to implement oversight and training reforms;

E. Reasonable costs and expenses of litigation, including court fees;

F. Any other relief this Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 30, 2025

Respectfully submitted,

/s/ Cameron Roebuck

Cameron Roebuck

3600 Jerome Ave

Bronx, NY 10467

RoebuckCameron325@gmail.com

(646) 520-9066

*Pro Se Plaintiff*