# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Cameron Roebuck**, Plaintiff
v.
**City of New York, et al.**, Defendants

Case No. 25-CV-7259

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that plaintiff **Cameron Roebuck** respectfully moves this Court, pursuant to **Federal Rule of Civil Procedure 26(d)(1)**, for an Order permitting limited early discovery prior to the Rule 26(f) conference.

Plaintiff seeks limited early discovery for good cause shown, requesting that defendants produce:
(1) the **booking-area and holding-cell surveillance video** from **June 12, 2025**, covering the time of plaintiff's arrest and processing; and
(2) any related **Internal Affairs Bureau records or reports** generated from the same incident, identified under **Internal Affairs Complaint No. 2025-18540**.

Plaintiff previously served a preservation letter on defendants on **July 7, 2025** and believes this evidence is time-sensitive and essential to evaluating liability and facilitating early settlement. Good cause exists because video systems are routinely overwritten, and the material is within the exclusive possession of the City of New York.

In support of this motion, plaintiff submits the following documents:
■ My own declaration, affirmation, or affidavit
■ Copy of preservation letter and mailing proof.

**Dated:** October 14, 2025
**Respectfully submitted,**

_____
**Cameron Roebuck**
Plaintiff pro se
3600 Jerome Avenue
Bronx, NY 10467
Tel: 646-520-9066
Email: roebuckcameron325@gmail.com

## DECLARATION IN SUPPORT OF RULE 26(d)(1) MOTION

I, **Cameron Roebuck**, declare under penalty of perjury that the following facts are true and correct:

1. On **June 12, 2025**, I was arrested and processed by members of the New York City Police Department in Lower Manhattan. During this incident I sustained physical injury while fully compliant and handcuffed.

2. The incident was recorded on the NYPD booking-area surveillance system and was also the subject

of an Internal Affairs Bureau inquiry identified as **IAB Case No. 2025-18540**.

3. On **July 7, 2025**, I sent a preservation letter to the City of New York and the NYPD requesting that this video be retained.

4. Because video footage is routinely overwritten after short retention periods, there is a significant risk that critical evidence will be lost if production is delayed until after the Rule 26(f) conference.

5. Early production of this video and the Internal Affairs records will allow both parties to evaluate liability and may promote early settlement, conserving judicial resources.

I therefore respectfully request that the Court grant this Rule 26(d)(1) motion and order defendants to produce the booking-area and holding-cell video and related Internal Affairs records within 30 days of the Court's Order.

**Executed on:** October 14, 2025

**Cameron Roebuck**
3600 Jerome Avenue
Bronx, NY 10467
Tel: 646-520-9066
Email: roebuckcameron325@gmail.com

DENIED.

Plaintiff alleges that "good cause" exists to permit early discovery of any surveillance videos of his arrest because "video systems are routinely overwritten." Dkt. 12. But defendants have acknowledged receipt of plaintiff's July 7, 2025 notice to preserve the requested discovery. Dkt. 13 at 2. If defendants destroy the requested discovery despite plaintiff's notice to preserve, then defendants may face sanctions. *See Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001).

Because there is no evidence that defendants will violate their obligation to preserve evidence, and because they may face sanctions if they do, the Court determines that plaintiff has failed to show "good cause." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005).

In the future, plaintiff should meet and confer with defendants before filing any motion. *See* Individual Practices in Civil Pro Se Cases Rule 5.

The Clerk of Court is directed to terminate the motion at Dkt. 12.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 23, 2025